## SUPREME COURT—IN ADMIRALTY.

### WETHERBEE *vs.* SCHOONER " GOLDEN STATE.

The Court, under the circumstances, declined to take jurisdiction, remitting the case *ad forum loci contractus.*

The respondent filing a good and sufficient bond to the libellant.

At Chambers, before Justice ROBERTSON, Acting as Chief Justice, 12th March, 1858.

Henry Wetherbee, a resident and citizen of the State of California, filed his libel against the schooner ". Golden State," of San Francisco, and Capt. W. S. Tuttle, to recover the sum of five hundred dollars, as the stipulated penalty for the alleged non-fulfillment of a charter party, entered into by these parties, at San Francisco, on the 28th December last, by which Capt. Tuttle chartered the said schooner to the libellant, to proceed to Albion River for a cargo of lumber, to be delivered at this port.

The respondent filed a sworn plea, supported by the affidavit of Capt. Candage, setting forth, in substance, that the parties are citizens of the United States, resident in San Francisco ; that he has a good and sufficient defense to the claim on its merits ; that he is about to return immediately to San Francisco in the schooner " Golden State ;" that the charter party referred to in the libel was entered into at San Francisco ; that if the same has been broken, the breach took place in California, where the witnesses to all the facts and circumstances of the case reside ; that if the cause should go to a hearing before this Court, he would be compelled to ask for letters rogatory, to take testimony in California ; and that, previous to the filing of the libel, he had tendered to the proctor for the libellant, a bond for the payment of any judgment that might be obtained against him, on the charter-paper, in California, if the libellant would institute proceedings there.

Upon this statement of facts, the respondent prayed the Court to decline jurisdiction in the cause ; to remit the parties to the courts of their common country, and to dismiss the libel with costs and a reasonable counsel fee, to be taxed against the libellant.

Wetherbee *v.* Schooner "Golden State."

Counsel having been heard on both sides, the Court decided as follows :

*Per Curiam :* Touching the question of jurisdiction raised by the plea of the respondent Tuttle, I would remark, that I had occasion to examine the laws and the authorities bearing upon this question, when the case of Williams *vs.* Lawrence *et als.* was before the Court, and I fully concur in the doctrine laid down by Chief Justice Lee in that case, as follows : "The sound doctrine in my opinion is that, though the Admiralty Courts of this country are not bound to take jurisdiction of controversies growing out of maritime contracts, between foreigners having no domicile in this country, as they are when the parties are subjects or residents here, yet they may lawfully exercise it, and ought to do so or not, as a sound discretion, and the claims of justice may demand." (See Williams *vs.* Lawrence *et als.*, 1st Hawaiian Reports, page 296.)

The facts and circumstances of the present case are such that I think the respondent may, with a good grace, ask the Court to remit the parties to the tribunals of their own country, for an adjudication of this controversy. I will not stop to enumerate the various circumstances of the case, as disclosed upon the pleadings, which have led me to this conclusion, but having examined these pleadings with care, I am clearly of opinion, that if ever a cause could arise in which the Court ought to decline to exercise its jurisdiction, this is such a cause, and the parties may with great propriety, and without the slightest injustice to the libellant, or jeopardizing his rights, be remitted to the courts of their common country.

I will therefore dismiss the libel with costs, upon condition that the respondent tenders to the proctor for the libellant a good and sufficient bond, similar to that stated in the plea to have been tendered to him previous to the commencement of proceedings, for the respondent's subjection, for a reasonable time, of the schooner "Golden State," or other property to the value of $1,000, to the jurisdiction of the District Court of the United States for the District of California, to meet the libellant's claim.

Bond given, and cause dismissed accordingly.

J. Montgomery, Esq., for libellant.

A. B. Bates, Esq., for respondent.